SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 29 2008
J.T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| ANGELA NEAL | CIVIL ACTION NO. |
|---|---|
| VERSUS | SECTION 3:08cv545 DPJ-JCS |
| STATE FARM FIRE & CASUALTY COMPANY | MAGISTRATE<br>JURY TRIAL REQUESTED |

## COMPLAINT

**COME NOW,** ANGELA NEAL, by and through counsel, and file this Complaint against Defendant, STATE FARM FIRE & CASUALTY COMPANY and alleges as follows:

### I. PARTIES

1. Made Plaintiff herein are the following who/which, at all times material herein, owners of property located within this district as set forth below:

   a. Plaintiff **ANGELA NEAL** was the owner of property located at **107 PAWNEE PLACE, CLINTON, MISSISSIPPI, COUNTY OF HINDS** which was covered by a policy of insurance written, issued and delivered by **STATE FARM FIRE & CASUALTY COMPANY.**

2. Made Defendants herein are the following insurers:

   a. Defendant, **STATE FARM FIRE & CASUALTY COMPANY** corporation organized and existing under the laws of Illinois, but which does business in the State of Mississippi and which may be served with process by service on its agent, William Penna, 1080 River Oaks Drive, Ste. B-100, Flowood, MS 39232-7644, which insurer issued, wrote and delivered policies or contracts of insurance to **ANGELA NEAL**.

### II. SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION

3. This Honorable Court has jurisdiction over the subject matter and Defendant in this case pursuant to 28 U.S.C.A. §1332, because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

## III. VENUE

4. Venue in this cause is proper in this Court pursuant to 28 U.S.C.A. §1391 because this suit respects real property located exclusively in this judicial district and the conduct, acts and/or omissions upon which this cause of action is based occurred in substantial part in this judicial district, which is completely within the United States District Court for the Southern District of Mississippi, Jackson Division.

## IV. FACTS

5. On or about August 29, 2005, Plaintiff was the owner of property as described above. Plaintiff insured that property with Defendant.

6. The above-referenced property owned by Plaintiff was covered by a policy of insurance written and delivered by Defendant which, by its plain language, covered damages to the property caused by hurricanes.

7. On August 29, 2005, with the subject policy period, the property was destroyed in whole or in part, by Hurricane Katrina, a Category 4 hurricane with wind gusts in excess of 150 miles per hour. The area where the insured property was located also sustained tornadoes, microbursts, mesocylcones, and other convective activity. These events caused a "direct physical loss" covered under the subject policy.

8. The "direct physical loss" sustained by Plaintiff to the insured property was proximately and efficiently caused by hurricane force wind, tornadoes, microbursts, mesocylcones, and other convective activity and occurred in the absence and/or independent of water, thereby triggering full coverage for all Plaintiff's hurricane losses.

9. Hurricane Katrina's devastating and catastrophic hurricane winds, tornadoes, microbursts, and mesocyclones occurred 4-6 hours before the peak hurricane storm surge, and

destroyed plaintiffs' property, in whole or in part, prior to the arrival of storm surge from Hurricane Katrina.

10. Almost immediately thereafter, and in accordance with the applicable policy provisions, Plaintiff notified Defendant of a covered loss and performed all obligations imposed on him by the policy.

11. However, defendant failed to fairly, adequately and sufficiently investigate and adjust Plaintiffs' claims for hurricane damage caused by Hurricane Katrina.

## COUNT ONE

### NEGLIGENCE AND/OR GROSS NEGLIGENCE OF DEFENDANT

12. Plaintiff hereby adopts and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

13. Defendant has a duty under Mississippi law and pursuant to the policy of insurance it issued to fully, fairly adequately and correctly investigate and adjust Plaintiff's loss and claim for hurricane damages.

14. Defendant breached that duty in the following non-exclusive particulars:

(1) by denying Plaintiff's loss without conducting a complete, adequate, full and fair investigation and adjustment of Plaintiff's claim for damage under the policy;

(2) by denying Plaintiff's claims without knowing what caused the loss or undertaking an appropriate method to find out;

(3) by failing to pay Plaintiff, either in whole or in part, for Plaintiff's hurricane loss;

(4) by arbitrarily denying Plaintiff's loss under the anti-concurrent cause clause;

(5) by denying Plaintiff's claim for hurricane losses even though such losses were covered under the policy issued by Defendant;

(6) by failing to acknowledge the true cause of loss resulting from Hurricane Katrina and/or ignoring evidence that proved that damages were caused by wind before any storm surge reached the insured's property;

(7) by interpreting its contract and/or policy of insurance in an arbitrary and capricious manner, and contrary to the plain meaning and intent of the policy in an effort to avoid, and intentionally withhold, coverage for losses caused by Hurricane Katrina;

(8) by failing to resolve ambiguities in its contract and/or policy of insurance in favor of coverage for losses caused by Hurricane Katrina, contrary to the law and public policy of the State of Mississippi;

(9) by denying coverage based on the "water" exclusion without sustaining its burden of proof that Plaintiff's losses were actually caused by "water"; and

(10) by other acts and/or omissions to be proven at trial.

15. Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiff's rights as an insured.

16. Defendant's negligent, grossly negligent, and/or reckless adjustment proximately caused Plaintiff's economic damages.

## COUNT TWO

### BREACH OF CONTRACT AGAINST DEFENDANT

17. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in this Complaint.

18. Plaintiff entered into an insurance contract with Defendant in which it contracted for, purchased, and were entitled to receive full insurance coverage under the subject policy for all "direct physical loss" to the insured property.

19. Plaintiffs insured property was completely, or alternatively, partially destroyed by Hurricane Katrina. The overwhelming meteorological and physical evidence at the scene established that insured property was proximately and efficiently damaged by hurricane wind, and other convective activity prior to the arrival of any storm surge associated with Hurricane Katrina.

20. Defendant breached the subject policy, in the following non-exclusive particulars:

   (1) by denying Plaintiff's loss without conducting a complete, adequate, full and fair investigation and adjustment of Plaintiff's claim for damage under the policy;

   (2) by denying Plaintiff's claims without knowing what caused the loss or undertaking an appropriate effort to find out;

   (3) by failing to pay Plaintiff for its hurricane loss;

   (4) by arbitrarily denying Plaintiff's loss under an anti-concurrent cause clause;

   (5) by denying Plaintiff's claim, in whole or in part, for hurricane losses even though such losses were covered under the policy issued by Defendant;

   (6) by delaying payment of Plaintiff's claim and converting monies rightfully due Plaintiff such that Defendant has now earned and will continue to earn investment income on said monies;

   (7) by failing to acknowledge the true cause of loss resulting from Hurricane Katrina and/or ignoring evidence that proved that damages were caused by wind before any storm surge reached the insured's property;

   (8) by interpreting its contract and/or policy of insurance in an arbitrary and capricious manner, and contrary to the plain meaning and intent of the policy in an effort to avoid, and intentionally withhold, coverage for losses caused by Hurricane Katrina;

(9) by failing to resolve ambiguities in its contract and/or policy of insurance in favor of coverage for losses caused by Hurricane Katrina, contrary to the law and public policy of the State of Mississippi;

(10) by denying coverage based on water exclusion without sustaining its burden of proof that Plaintiff's losses were actually caused by water; and

(11) by other acts or omissions to be proven at trial.

## COUNT THREE

## BAD FAITH BREACH OF CONTRACT

21. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in this Complaint.

22. Defendant's actions as set forth above constitute the independent tort of bad faith refusal to pay an insurance claim in that Defendant denied a timely reported and covered insurance claim without legitimate or arguable reason for doing so. Specifically, all losses for which Hurricane Katrina was the efficient proximate cause were covered under the policy of insurance at issue, and full coverage was owing under Mississippi law. Defendant was fully aware of Mississippi law as it pertained to hurricane related property damage and disregarded it nonetheless.

23. In denying Plaintiff's claim Defendant relied on confusing and/or intentionally ambiguous policy exclusions in order to defeat the reasonable expectations of the Plaintiff that their property would be covered by insurance for damages caused by a hurricane.

24. At all material times, Defendant owed to Plaintiff as policyholder, claimant and insured under the Policy, non-delegable, express and implied duties, to at all times and in all things, act in good faith and with fair dealing toward the insured. Along with the implied duty of good faith

and fair dealing, Defendant owed at all times a duty to: (1) meet the reasonable expectations of the Plaintiff as a policyholder; (2) investigate the claim with the interest of the insured in mind and keeping the insured informed every step of the way; and (3) give as much if not more consideration to the financial interests of the insured, than they gave to their own financial interests.

25.     Defendant breached the aforementioned duties including the overarching duty to exercise good faith and fair dealing with Plaintiff as policyholder, claimant and insured in the following non-exclusive particulars, *inter alia*:

(1)     tortiously and in bad faith failing to follow and apply the Defendant's underwriting guidelines in the marketing, underwriting, sale, issuance and delivery of the subject policy to Plaintiff;

(2)     tortiously and in bad faith, failing to conduct a promp, fair and thorough investigation of the Hurricane Katrina claim of Plaintiff;

(3)     tortiously and in bad faith, failing to make a realistic evaluation of the subject claim and/or realistically assess, adjust and pay for all losses caused by the covered windstorm;

(4)     tortiously and in bad faith failing to promptly pay covered claims incurred as a result of the Plaintiff's claim;

(5)     tortuously and in bad faith failing to acknowledge evidence that supported the fact that Plaintiff's claim were covered losses;

(6)     regardless of whether Defendant's actions as described above and ultimate denial of Plaintiff's claim were unsupported by legitimate or arguable reason in fact or in law. Defendant's misconduct is insufficient to constitute the "lying exception" applicable under Mississippi bad faith law;

(7) tortuously and in bad faith, and through a pattern and practice of systemic, institutional claim denial, failing to advise Plaintiff of a valid reason why their insurance claim was denied, in whole or in part;

(8) by failing to acknowledge the true cause of loss resulting from Hurricane Katrina and/or ignoring evidence that proved that damages were caused by windstorm before any storm surge reached the insured's property;

(9) by interpreting its contract and/or policy of insurance in an arbitrary and capricious manner, and contrary to the plain meaning and intent of the policy in an effort to avoid, and intentionally withhold, coverage for losses caused by Hurricane Katrina;

(10) By failing to resolve ambiguities in its contract and/or policy of insurance in favor of coverage for losses caused by Hurricane Katrina, contrary to the law and public policy of the State of Mississippi;

(11) by denying coverage based on water exclusion without sustaining its burden of proof that Plaintiff's losses were actually caused by water; and

(12) by other acts or omissions to be proven at trial.

26. Defendant's breach of the duty to exercise good faith and fair dealing, bad faith denial of coverage, Plaintiff is entitled to a judgment against Defendant for actual, compensatory, consequential, bad faith and punitive damages in excess of the jurisdictional limit of this Court, plus court costs, and pre- and post- judgment interest at the legally allowable limit.

### V. PRAYER FOR RELIEF

27. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

28. As a direct and proximate result of Defendant's negligence, gross negligence, reckless disregard for Plaintiff's rights as an insured, breach of contract, breach of duty of good faith and fair dealing, bad faith and tortuous breach of contract without a legitimate or arguable reason in fact or law, Plaintiff is entitled to the following relief:

(a) Payment for all contractual benefits, coverages afforded to Plaintiff under the subject Defendant policy for damage to their insured buildings caused by Hurricane Katrina, with interest on all amounts due Plaintiff under its policy;

(b) Prejudgment and post-judgment interest in the amounts owing to Plaintiff in contractual or policy benefits with interest, retroactive to August 29, 2005;

(c) Compensatory damages for economic damages suffered by Plaintiff as a proximate result on the denial of coverage. Plaintiff is entitled on its contract claims and consequential damages, including but not limited to the amounts Plaintiff expended or lost in trying to subsist without insurance benefits since August 29, 2005.

(d) Extra-contractual damages for Defendant's willful, wanton, reckless, grossly negligent and bad faith conduct, which arose to the level of an independent tort;

(e) Punitive and exemplary damages for Defendant's tortuous, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct which arose to the level of an independent tort;

(f) Any and all other relief as the Court may deem appropriate;

(g) Plaintiff demands a jury trial on all issues so triable.